IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.  21-CR-6097-DGL

STEPHEN REED PATTISON,

Defendant.
_____

### PLEA AGREEMENT

The defendant, STEPHEN REED PATTISON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 922(g)(1) (possession of firearms and ammunition by a convicted felon), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the Forfeiture Allegation of the Indictment which alleges that two firearms and 25 rounds of ammunition are subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

3.     The defendant understands that, if it is determined that he has violated any of the terms and conditions of his term of supervised release, he may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

4.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant knowingly possessed firearms and/or ammunition, as charged in the Indictment;

Second, at the time the defendant possessed the firearms and/or ammunition, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed the firearms and/or ammunition, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of the firearms and/or ammunition was in or affecting commerce.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts which form the basis for the defendant's guilty plea including relevant conduct:

### POSSESSION OF FIREARMS AND AMMUNITION

a. Between on or about October 24, 2020, and on or about November 12, 2020, in Western District of New York, the defendant, **STEPHEN REED PATTISON**, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, unlawfully did knowingly possess, in and affecting commerce, firearms, namely, one (1) Smith and Wesson ITC, Model Compass, 30-06 rifle, bearing serial number U231831, and one (1) Winchester Ranger, Model 120, 12 gauge shotgun, bearing serial number L1929872; and ammunition, namely, 25 rounds of 12 gauge shotgun ammunition (Winchester).

b. On or about October 24, 2020, a female with the initials C.B., knowing that the defendant was a convicted felon, gave the 30-06 rifle to the defendant. Subsequently, on or about October 27, 2020, an individual named Donald P. Oshier a/k/a Bam, knowing that the defendant was a convicted felon, gave the defendant the 12 gauge shotgun and a box containing 25 rounds of Winchester 12 gauge shotgun ammunition. The defendant stored and possessed the 30-06 rifle, the 12 gauge shotgun and the ammunition in the bedroom that he shared with his girlfriend, Rochelle Pfenninger, at 552 Church Road, Hilton, New York, which was the defendant's residence.

c. On October 30, 2020, the defendant was arrested and detained on a parole absconder warrant from Missouri. After his arrest and during his detention at the Monroe County Jail, the defendant continued to exercise dominion and control over the 30-06 rifle, the 12 gauge shotgun and the ammunition.

d. On November 12, 2020, deputies from the Monroe County Sheriff's Office, assisted by members of other local and federal law enforcement agencies, executed a state search warrant at 552 Church Road. At that time, they recovered, among other things, the 30-06 rifle, the 12 gauge shotgun, and the box of ammunition in the defendant's bedroom.

e. The defendant was convicted of Domestic Assault 2° (MO. ANN. STAT. § 565.073), a class D felony offense, in the Thirteenth Judicial Circuit in Boone County, Missouri, on December 16, 2016. That offense was punishable by a term of imprisonment exceeding one year, the

|   |   |
|---|---|
| | defendant receiving an actual sentence of three years in prison. The defendant admits that he knew of this prior felony conviction – and the fact that the conviction was punishable by a term of imprisonment exceeding one year – at the time he possessed the firearms and ammunition described in ¶¶ 5(a) through 5(d), above. |
| f. | Neither the State of New York, nor any other government authority has restored the rights of the defendant to lawfully possess a firearm or ammunition. |
| g. | The 30-06 rifle, the 12 gauge shotgun and the ammunition were not manufactured in the State of New York, and thus had traveled in interstate commerce at some time before the defendant possessed them. |

## DEFENDANT'S ATTEMPTS TO OBSTRUCT JUSTICE

|   |   |
|---|---|
| h. | Before and after he was charged in federal court, the defendant attempted to obstruct and impede the administration of justice with respect to the investigation and prosecution of this case. In the days after the search warrant at 552 Church Road, the defendant, who was detained at the Monroe County Jail, made several telephone calls to Rochelle Pfenninger. During those calls, the defendant told Pfenninger, in sum and substance, to lie to law enforcement authorities and falsely testify that the 30-06 rifle and the 12 gauge shotgun did not belong to him and that they were just holding the firearms for C.B. |
| i. | On November 25, 2020, the Honorable Marian W. Payson, United States Magistrate Judge, Western District of New York, issued Criminal Complaint No. 20-MJ-4223, which charged the defendant with possession of firearms by a convicted felon. In the months that followed, the defendant, among other things, sought to obtain a false affidavit from Donald P. Oshier a/k/a Bam stating that Oshier gave the 12 gauge shotgun and box of ammunition to Pfenninger after the defendant was arrested and detained on the parole absconder warrant on October 30, 2020. The defendant also sought a similar false affidavit from C.B. with respect to the 30-06 rifle. |
| j. | In or about April 2021, the defendant sent a letter from jail to Oshier, stating, in relevant part, |

> Everybody moved on and forgot about me its killing me because I can beat this case. Rochelle friend is a notery I need you to make a statement of where ever you got the 12 G saying they gave it to you, you gave it to Rochelle when I went to jail for home protection Nobodys gunna get in trouble you guys are not felons you cant get in trouble none

4

> of you are felons only I am and thees guns were not at Rochelles when I was there did I know you guys were bringing them there (yes) and I thank you for doing what you said you were gunna so Rochelle would be safe!! Have the Feds come to speak to you? Or anybody? But anyway I will not have you guys say or do anything to get you in trouble I will go away and do the time but there is a lot of flaws in this case and if you and Crystal be honest and write a statement telling them that yes I asked you for you guys to bring them there after I was arrested so she had protection because this world is crazy!! Anyway I hope to here from you I really need you guys to get this done so I can meet my daughter and be the father I was trying to be and goto work[.]

k. At the defendant's direction, Pfenninger sought to obtain the false affidavits from C.B. and Oshier. On or about May 27, 2021, Oshier signed a false affidavit stating, in sum and substance, that he brought the 12 gauge shotgun and box of ammunition to 552 Church Road on October 31, 2020. Oshier sent a copy of the false affidavit to Pfenninger over Facebook, and the original false affidavit to Pfenninger through the mail. The defendant's purpose in seeking to obtain the false affidavit from Oshier, and a similar false affidavit from C.B., was to obstruct and impede the investigation and prosecution of this case by trying to establish that he did not actually or constructively possess the 30-06 rifle, the 12 gauge shotgun, or the 12 gauge shotgun ammunition, as charged in the Criminal Complaint and the Indictment.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government maintains that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of 20.

5

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8. The government and the defendant agree that the following adjustment to the base offense level does apply:

a. the two-level increase of Guidelines § 3C1.1 (obstruction of justice).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 22.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 19.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that with a total offense level of 19 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of **46 to 57 months, a fine of $10,000 to $100,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and the method of payment;

8

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with violations of Title, 18, United States Code, Sections 875(c) (interstate threats) and 1512(k) (conspiracy to obstruct official proceedings), committed up to the date of this agreement and about which the government is aware. The maximum penalty for both of those offenses is a term of imprisonment of 20 years, a term of supervised release of 3 years, and a $250,000 fine.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISION

### FIREARMS AND AMMUNITION FORFEITURE

24. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees, including but not limited to:

    a.    one (1) Smith and Wesson ITC, Model Compass, 30-06 rifle, bearing serial number U231831;

    b.    one (1) Winchester Ranger, Model 120, 12 gauge shotgun, bearing serial number L1929872; and

    c.    ammunition, namely, 25 rounds of 12 gauge shotgun ammunition (Winchester).

25. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

26. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these

assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

27. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

28. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms and shells survives and shall be given full be given full force and effect.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

29. This plea agreement represents the total agreement between the defendant, STEPHEN REED PATTISON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

By: _____
BRETT A. HARVEY
Assistant U.S. Attorney

Dated: November 8, 2021

12

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Steven G. Slawinski, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
STEPHEN REED PATTISON
Defendant

Dated: November 8, 2021

_____
STEVEN G. SLAWINSKI, ESQ.
Attorney for the Defendant

Dated: November 8, 2021

13